Mark Ogden; AZ Bar No. 017018
mogden@littler.com
LITTLER MENDELSON.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendants
ROBERT HALLIDAY AND
BRENDA HALLIDAY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Geoffrey Jacobs,

Plaintiff,

v.

State of Arizona, et al.,

Defendants.

Case No. 2:10-cv-1493-GMS

**ANSWER TO COMPLAINT BY ROBERT HALLIDAY AND BRENDA HALLIDAY**

Defendants, Robert Halliday ("Halliday") and his spouse, Brenda Halliday ("Defendants"), by and through undersigned counsel, respond to Plaintiff's Complaint as follows:

**JURISDICTION, VENUE, PARTIES**

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants admit the allegations therein.

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit the allegations therein.

3. In answering Paragraph 3 of Plaintiff's Complaint, Defendants deny that Plaintiff timely and properly served a Notice of Claim in accordance with A.R.S. § 12-821.01 and interpretive case law.

4. In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit Plaintiff has asserted a cause of action under the 4th and 14th Amendment to the United States Constitution. Regarding the remaining allegations of Paragraph 4, Defendants deny each and every allegation therein.

5. In answering Paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations therein.

6. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit the allegations therein.

7. In answering Paragraph 7 of Plaintiff's Complaint, Defendants contend that this paragraph asserts no claims against them and consequently no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

8. In answering Paragraph 8 of Plaintiff's Complaint, Defendants contend that this paragraph asserts no claims against them and consequently, no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

9. In answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Robert Halliday resides and has resided in Maricopa County, that he is and was a retired Department of Public Safety Commander and that he is presently the Director of the Department of Public Safety. Defendants deny that the Department of Public Safety employed Robert Halliday during the relevant periods alleged in Plaintiff's Complaint. Regarding the remaining allegations in Paragraph 9, Defendants deny each and every allegation therein.

10. In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit the allegations therein.

11. In answering Paragraph 11 of Plaintiff's Complaint, Defendants contend that this paragraph asserts no claims against them and consequently, no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

12. In answering Paragraph 12 of Plaintiff's Complaint, Defendants contend that this paragraph asserts no claims against them and consequently, no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

13. In answering Paragraph 13 of Plaintiff's Complaint, Defendants contend that this paragraph asserts no claims against them and consequently, no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

14. In answering Paragraph 14 of Plaintiff's Complaint, Defendants contend that this paragraph asserts no claims against them and consequently, no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

15. In answering Paragraph 15 of Plaintiff's Complaint, Defendants admit the allegations therein.

**ALLEGATIONS COMMON TO ALL COUNTS**

16. In answering Paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations therein.

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendants admit the allegations therein.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that Plaintiff was hired as a law enforcement officer by the Department of Public Safety and that he was a permanent employee when the Department of Public Safety terminated him. Regarding the remaining allegations in Paragraph 18, Defendants deny each and every allegation therein.

19. In answering Paragraph 19 of Plaintiff's Complaint, Defendants admit that Ami Halliday was acquainted with Plaintiff. Regarding the remaining allegations in Paragraph 19, Defendants deny each and every allegation therein.

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, said statement having the effect of a denial under FRCP 8(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

21. In answering Paragraph 21 of Plaintiff's Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, said statement having the effect of a denial under FRCP 8(b).

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, said statement having the effect of a denial under FRCP 8(b).

23. In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that Robert Halliday, who was not employed by DPS at the time, contacted the Office of Professional Standards ("OPS") at DPS and provided general information regarding Plaintiff's conduct and advised that his daughter, Ami Halliday, would contact OPS shortly to provide further information and details. Regarding the remaining allegations in Paragraph 23, Defendants deny each and every allegation therein.

24. In answering Paragraph 24 of Plaintiff's Complaint, Defendants admit that some of the information conveyed by Robert Halliday to OPS related to Plaintiff's unlawful conduct, some of which occurred at Plaintiff's residence in Glendale, Arizona. Regarding the remaining allegations in Paragraph 24, Defendants deny each and every allegation therein.

25. In answering Paragraph 25 of Plaintiff's Complaint, Defendants admit that Robert Halliday advised OPS that Plaintiff had recorded Plaintiff and Ami Halliday having sex and posted photographs of her on the internet, without her consent. Regarding the remaining allegations in Paragraph 25, Defendants deny each and every allegation therein.

26. In answering Paragraph 26 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

27. In answering Paragraph 27 of Plaintiff's Complaint, Defendants admit the allegations therein.

28. In answering Paragraphs 28-65 of Plaintiff's Complaint, Defendants contend that these paragraphs assert no claims against them and consequently, no response is

required. To the extent an answer might be required, Defendants deny each and every allegation therein.

29. In answering Paragraph 66 of Plaintiff's Complaint, Defendants admit the allegations therein.

30. In answering Paragraphs 67-98 of Plaintiff's Complaint, Defendants contend that these paragraphs assert no claims against them and consequently, no response is required. To the extent an answer might be required, Defendants deny each and every allegation therein.

31. In answering Paragraph 99 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

32. In answering Paragraph 100 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

33. In answering Paragraph 101 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

34. In answering Paragraph 102 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

35. In answering Paragraph 103 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

36. In answering paragraph 104 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

37. In answering Paragraph 105 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

38. In answering Paragraph 106 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

39. In answering Paragraph 107 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

40. In answering Paragraph 108 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

41. In answering Paragraph 109 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

**LEGAL CLAIMS**

**COUNT I – 42 U.S.C. § 1983**

42. In response to Paragraph 110 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 41 above as if fully set forth herein.

43. In answering Paragraphs 111 and 112 of Plaintiff's Complaint, Defendants admit the allegations therein.

44. In answering Paragraphs 113, 114, 115, 116, 117 and 118 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

**COUNT II – False Light Invasion of Privacy**

45. In response to Paragraph 119 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 44 above as if fully set forth herein.

46. In answering Paragraph 120 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

**COUNT III – Intentional Infliction of Emotional Distress**

47. In response to Paragraph 121 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 46 above as if fully set forth herein.

48. In answering Paragraphs 122, 123, 124 and 125 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

**COUNT IV – Defamation**

49. In response to Paragraph 126 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 48 above as if fully set forth herein.

50. In answering Paragraphs 127, 128, 129, 130, 131 and 132 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

**COUNT V – Negligent Supervision**

51. In response to Paragraph 133 of Plaintiff's Complaint, Defendants incorporate paragraphs 1 through 50 above as if fully set forth herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

52. In answering Paragraphs 134 and 135 of Plaintiff's Complaint, Defendants deny each and every allegation therein.

53. To the extent not specifically admitted, denied or modified, Defendants deny each and every allegation in Plaintiff's Complaint

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff failed to timely and properly comply with Arizona's Notice of Claim statute.

3. Plaintiff's exclusive remedy for the allegations set forth in the Complaint was an appeal of the Law Enforcement Merit System Council (LEMSC), sustaining his termination.

4. Plaintiff's Complaint is barred by applicable statutes of limitations.

5. Defendant Robert Halliday's statements to the Office of Professional Standards of the Department of Public Safety were made in good faith and therefore he is entitled to the "report to the police" absolute privilege. *Ledvina v. Cerasani*, 213 Ariz. 569, 146 P.3d 70 (Ariz. App. 2006).

6. Plaintiff's Complaint is barred by the doctrine of *res judicata* and collateral estoppel.

7. Plaintiff has failed to mitigate his damages adequately.

8. Any relief to which Plaintiff might be entitled is barred or limited by the after-acquired evidence doctrine (*Nashville Banner*).

9. Defendant Robert Halliday, sued in his official capacity, is entitled to qualified immunity.

10. A.R.S. § 12-820.04 bars any claim for punitive damages as to governmental entities and/or governmental employees on all state law claims.

11. Plaintiff's claim for punitive damages against governmental entities and/or governmental employees in their official capacity are barred by the *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981) and *Smith v. Wade*, 103 S.Ct. 1625 (1983).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

12. Under 42 U.S.C. § 1983, state officials sued in their official capacities may be subject to injunctive relief, but not damages. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

13. When Defendant Robert Halliday spoke to the Office of Professional Standards, he was not a DPS employee and thus he was not acting in an official capacity.

14. Plaintiff is comparatively at fault, all of which serves to reduce or eliminate damages, if any, owed by Defendants.

15. The statements made by Defendant Robert Halliday were true.

16. The recipient of the allegedly defamatory statement or some other third party had some common interest in the matter being discussed.

17. The alleged defamatory comments were a matter of public interest.

18. Defendants deny that they ever published defamatory statements.

19. The allegedly defamatory statements were opinions.

20. Defendants did not give publicity to or communicate to the public a matter concerning Plaintiff's private life.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that this matter be dismissed and that they be awarded their costs incurred herein and such other and further relief that the Court deems just and proper, including attorneys fees under 42 U.S.C. § 1988.

DATED this 24th day of September, 2010

*s/ Mark Ogden*

Mark Ogden
LITTLER MENDELSON., P.C.
Attorneys for Defendants
Robert Halliday and Jane Doe Halliday, husband and wife

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 24th day of September 2010:

Caroline A. Pilch
Neil Landeen
YEN PILCH KOMADINA & FLEMMING, P.C.
6017 North 15th Street
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

Georgia A. Staton
Michele Molinario
JONES, SKELTON & HOCHULI, PLC
2901 N. Central Ave. #800
Phoenix, Arizona 85012
*Attorneys for Defendants State of Arizona, DPS, Gillette-Stroud and Griffith*

Michele M. Iafrate
Courtney R. Cloman
IAFRATE & ASSOCIATES
649 N. 2nd Avenue
Phoenix, Arizona 85003
*Attorney for Defendants City of Glendale, Glendale Police Dept. and Zaragoza*

*s/ Leslie Boone*______

Firmwide:96860447.2 038059.1011

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600